UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TORRENCE BELCHER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-764-DRL-MGG |
| TERRI HALE, SARA McCORMICK, and DAWN BUS, | |
| Defendants. | |

OPINION AND ORDER

Torrence Belcher, a prisoner without a lawyer, filed a second amended complaint suing three Indiana State Prison employees. ECF 12. It is not substantially different than his two prior complaints. *See* ECF 1 and 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Belcher alleges he wrote to Case Manager Terri Hale about a policy, and she replied that the policy did not apply to him. He alleges Sara McCormick and Dawn Buss told him no classification decision had been made. It is clear Mr. Belcher is suing about not having a job or not getting paid, but he provides few details and it is unclear how or

why these three defendants caused him harm, violated his constitutional rights, or could be financially liable to him.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. Though he has already filed three amended complaints, this is the court's first screening order, so if Mr. Belcher believes he can state a claim based on (and consistent with) the events described in his second amended complaint, he may file a third amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v.*

2


*United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a third amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the words "Third Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Torrence Belcher until **February 7, 2024**, to file a third amended complaint; and

(2) CAUTIONS Torrence Belcher if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

January 4, 2024  *s/ Damon R. Leichty*
Judge, United States District Court