UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TORRENCE BELCHER,

    Plaintiff,

    v.

TERRI HALE, SARA MCCORMICK,
DAWN BUS, RON NEAL, and MARK
NEWKIRK,

    Defendants.

CAUSE NO. 3:23-CV-764-DRL-AZ

OPINION AND ORDER

Torrence Belcher, a prisoner without a lawyer, filed a fourth amended complaint alleging he was entitled to State pay even though he was not working. ECF 16. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Belcher alleges Policy 02-01-106 required that he be paid when he is classified as Administrative Idle. He alleges the defendants violated that policy and lied to him. As an initial matter, departmental policy violations do not amount to constitutional violations. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752,

760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). "In any case, the Constitution does not require state actors to enforce their own policies and regulations." *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) *citing Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002).

Mr. Belcher alleges the defendants lied to him about his classification status and denied his classification appeal, but it is well-settled that a convicted inmate has "no liberty interest in his security classification." *Earls v. Buske*, No. 22-1193, 2022 WL 3928515, 1 (7th Cir. Aug. 31, 2022) (citing *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992)) ("prisoners possess neither liberty nor property [interests] in their classifications and prison assignments"); s*ee also Healy v. Wisconsin*, 65 F. Appx. 567, 568 (7th Cir. 2003) ("inmates do not have a protected liberty interest in a particular security classification"), and *Taylor v. Levesque*, 246 F. Appx. 772 (2d Cir. 2007) (prisoner did not have a protected liberty interest in his security classification).

The fourth amended complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected," *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018), but Mr. Belcher has tried to correct his pleadings and no further opportunity is necessary.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

November 15, 2024                                     *s/ Damon R. Leichty*
                                                      Judge, United States District Court